UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETTORE MAZZEI, *as assignee*, THE MAZZEI GROUP LLC, *and* 701 BAY LLC,

*Plaintiffs*,

– against –

ISLAND FEDERAL CREDIT UNION, *and* APEX MORTGAGE CORP,

*Defendants*.

MEMORANDUM & ORDER
26-cv-02563 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge:

On April 30, 2026, pro se plaintiff Ettore Mazzei filed this complaint on behalf of himself and two corporate entities, The Mazzei Group LLC and 701 Bay LLC. *See generally* Compl., ECF No. 1. Plaintiff's request to proceed in forma pauperis ("IFP") is granted for the limited purpose of this order.[1] *See* Mot. Leave to Proceed IFP 1, ECF No. 2.[2] For the reasons discussed below, the Court dismisses plaintiff's complaint without prejudice and with leave to file an amended complaint within thirty (30) days.

## BACKGROUND

Plaintiff Ettore Mazzei alleges that The Mazzei Group LLC and 701 Bay LLC, corporate entities of which he is the sole member of, assigned Mazzei "all rights, privileges

1 Plaintiff's IFP application indicates assets valued at $35,000. ECF No. 2 at 2. However, since plaintiff is incarcerated and may not have access to those assets, and because he also submitted the Prisoner Authorization required by the Prison Litigation Reform Act and authorized payment from his prison trust account, ECF No. 3, the Court grants the application.

2 Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

and duties of the assignor to administer and commence lawsuit on behalf of the LLC's [sic]." Compl. ¶ 12. Based on the record, corporate plaintiff The Mazzei Group LLC owns real property located at 691–695 Bay Street in Staten Island, New York. *See* Compl. 5; Compl. Ex. 1 at 31. The Mazzei Group LLC obtained a mortgage by defendant Island Federal Credit Union for the 691–695 Bay Street property ("IFCU loan"). *See* Compl. 8. The other corporate plaintiff, 701 Bay Street LLC owns the real property located at 701–705 Bay Street in Staten Island, New York and obtained a mortgage from defendant Apex Mortgage Corp. in 2018 ("Apex loan"). Compl. Ex. 1 at 25. Plaintiff alleges all payments on each loan were current when he discovered that defendants filed a lis pendens indicating a foreclosure action was being commenced—IFCU filed a lis pendens to foreclose on the 691–695 Bay Street property and Apex filed a lis pendens to foreclose on the 701 Bay Street property. *See* Compl. ¶ 3.

Each defendant commenced a foreclosure action on the property they respectively mortgaged in Richmond County Supreme Court, but plaintiffs did not receive notice of the actions. Defendants failed to serve corporate plaintiffs at their correct service address. *See* Compl. Ex. 1 at 17–20. And, the process server could not serve Mazzei at Rikers Island Correctional Facility where he is currently held on pretrial detention and where mail is unreliable. Compl. ¶ 6. Mazzei alleges plaintiffs were "were not included in court hearings" in the foreclosure actions, even though court appearances by video conference are a viable option at Rikers Island. Compl. ¶ 6. Despite Mazzei alerting the Richmond County Supreme Court that he and the corporate plaintiffs were being served at the wrong address, the state trial court took no corrective action.

Mazzei also alleges Apex's mortgage broker, Salvatore Ciarino, received kickbacks

for signing Mazzei up for a loan. Compl. ¶ 9. However, Mazzei later learned that Ciarino was not a mortgage broker. Compl. ¶ 9. Mazzei alleges IFCU's mortgage broker, Robert Volpe, agreed to loan money despite Mazzei and The Mazzei Group LLC not being credit union members. Compl. ¶ 9.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally.").

Pursuant to the in forma pauperis statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

## DISCUSSION

Mazzei asserts defendants' actions violated plaintiffs' "constitutional right of due process protecting plaintiffs from deprivation of property by state action without notice and opportunity to be heard." Compl. ¶ 6. Mazzei also claims defendants conspired with the Richmond County Supreme Court to discriminate against him on the basis of his membership in a "protected class including incarcerated, poor person, pro se, senior and Sicilian American." Compl. ¶ 7. Mazzei asserts additional claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and the Federal Credit Union Act, 12 U.S.C. § 1759(b) stemming from "improper kickbacks" and misrepresentations made by defendants. Compl. ¶ 9. Plaintiff also brings state law claims, including slander of title, abuse of discretion, fraud, unjust enrichment, and "others to be determined during proceedings." Compl. ¶ 8.

Plaintiff seeks a temporary restraining order to enjoin the foreclosure of the properties "without [Mazzei] or his LLC's being notified and included in hearings." Compl. ¶ 11. He also seeks monetary damages for "slander of title, deceptive trade and unfair business practices, unjust enrichment, improper kickbacks as per R.E.S.P.A., [and] fraud." Compl. ¶ 15.

### I. Claims on Behalf of Corporate Plaintiffs

Plaintiff purports to bring these claims on behalf of The Mazzei Group LLC and 701 Bay LLC, two corporate entities of which he claims to be the sole proprietor and assignee. *See* Compl. ¶ 12. Litigants who are not attorneys may represent themselves pro se, but a pro se litigant may not bring suit on behalf of another entity. *United States ex rel. Mergent*

*Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A] layperson may not represent a corporation[.]"). "[A] limited liability company . . . may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Lavi v. DWS*, No. 22-cv-07501 (S.D.N.Y. Oct. 7, 2022), ECF No. 4 ("[A] pro se plaintiff cannot represent a corporation, even if he is the sole member or shareholder of that corporation.").

Though plaintiff asserts claims on behalf of The Mazzei Group LLC and 701 Bay LLC, he does not allege he is an attorney such that he may properly appear on behalf of the corporate entities. Thus, as a pro se litigant, Mazzei cannot act on behalf of the corporations. *See Lavi v. Bank Negara Indonesia*, No. 22-cv-06000 (S.D.N.Y. Sept. 20, 2022), ECF No. 6 ("Plaintiff purports to bring this complaint on his own behalf and on behalf of his company, Turbodynamics Corporation. As a pro se litigant, however, Plaintiff cannot act on behalf of another."). Accordingly, the claims on behalf of The Mazzei Group LLC and 701 Bay LLC are dismissed without prejudice to refile by counsel, and the Court "treats this action as having been brought by [p]laintiff, individually." *Lavi ex rel. Turbo Dynamics Corp. v. Sonelgaz Grp. Cos.*, 22-cv-07514, 2023 WL 1818908, at *3 (S.D.N.Y. Feb. 8, 2023).

## II. Challenge to Pending Foreclosure Actions

To the extent that plaintiff seeks injunctive relief related to the foreclosure proceedings, these claims are dismissed pursuant to *Younger* abstention. Plaintiff specifically asks this Court to enjoin a pending state court proceeding. This intervention

is foreclosed by the *Younger* abstention doctrine, which requires federal courts to abstain from enjoining pending state court proceedings in certain contexts. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention extends to criminal proceedings, civil enforcement actions "akin to criminal prosecutions," and "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

Federal courts must abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, No. 16-cv-00448, 2017 WL 564727, at *3 (E.D.N.Y. Jan. 24, 2017) (collecting cases applying the *Younger* abstention doctrine to cases seeking injunctive relief relating to property under state foreclosure action), *report and recommendation adopted sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, No. 16-cv-00448, 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017). "The *Younger* requirements are more than adequately satisfied when mortgage foreclosure proceedings, which concern the disposition of real property and hence implicate important state interests, are pending in state court, and there is no reason to doubt that the state proceedings provide the would-be federal plaintiff with an adequate forum to make the arguments he seeks to raise in federal court." *Hall v. US Bank*, No. 20-cv-00277, 2020 WL 705212, at *2 (E.D.N.Y. Feb. 12, 2020).

Here, the pending foreclosure proceedings implicate important state interests. Plaintiff's request for a temporary restraining order would directly interfere with the ongoing proceeding. From the attached state court documents, it is clear that plaintiff has

successfully appeared and filed in the state court proceedings and can raise any arguments about the adequacy of service and his standing to proceed there. Accordingly, plaintiff's claims challenging the pending state foreclosure proceedings are dismissed.

**III. Remaining Federal Law Claims**

Plaintiff's remaining federal law claims fair no better. Plaintiff asserts claims related to credit and borrowing, under the TILA, 15 U.S.C. § 1601 *et seq*., RESPA, 12 U.S.C. § 2601 *et seq*., and the Federal Credit Union Act, 12 U.S.C. § 1759(b). These claims too must be dismissed. First, there is no private right of action under the Federal Credit Union Act. *Mioduszewski v. Polish & Slavic Fed. Credit Union*, No. 18-cv-06081, 2018 WL 5830820, at *2 (E.D.N.Y. Nov. 7, 2018) (collecting cases). Thus, plaintiff's Federal Credit Union Act claim must be dismissed.

Plaintiff's claims under RESPA and TILA suffer from a statute of limitations problem. TILA allows borrowers to seek damages for violations of the disclosure provisions within one year from the date of occurrence. 15 U.S.C. § 1640(e); *Kelmetis v. Fed. Nat'l Mortg. Ass'n*, No. 16-cv-00246, 2017 WL 395120, at *6 (N.D.N.Y. Jan. 27, 2017) ("[In] [a] mortgage transaction . . . the date of the occurrence of violation is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs."). Here, plaintiff alleges he was arrested on May 22, 2024, and that for over a year following his arrest, the mortgages were current. Compl. 4. These allegations place the date the IFCU loan agreement was entered into conservatively in May 2024, at some point before Mazzei's arrest. Mazzei alleges he obtained a mortgage from Apex in 2018. Compl. Ex. 1 at 25. Therefore, the statute of limitations ran in May 2025 for the IFCU loan and in 2019 for the Apex loan. Mazzei, however, did not file suit

until April 30, 2026. Plaintiff's TILA claim is thus untimely by nearly 11 months for the IFCU loan and seven years for the Apex loan. *See Khokhar v. Warmhold*, No. 24-8-cv, 2024 WL 4972688, at *1 (2d Cir. Dec. 4, 2024) ("When it is clear from the face of a complaint that the claims are time-barred, dismissal under [S]ection 1915(e)(2)(B)(ii) is appropriate[.]").

Suits involving improper kickbacks pursuant to RESPA are also subject to a one-year limitations period. 12 U.S.C. § 2614; *Noriega v. US Bank, Nat'l Ass'n*, No. 16-cv-01058, 2017 WL 3172998, at *6 (E.D.N.Y. July 25, 2017) (RESPA Section 2607 has a one-year statute of limitations that begins to run on "the date that the allegedly unlawful payment was made, namely the closing date of the transaction."). Like plaintiff's TILA claim, nothing in the record indicates that plaintiff's claim was timely filed. Rather, the record before the Court shows plaintiff's RESPA claim was filed after the statute of limitations on the loans expired. Accordingly, plaintiff's TILA and RESPA claims are time barred.

## IV. State Law Claims

Plaintiff also asserts claims arising under state law. Federal courts do not have independent jurisdiction to enforce state laws or causes of action unless the plaintiff establishes diversity jurisdiction under 28 U.S.C. § 1332. *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."). To establish diversity jurisdiction, plaintiff must show that none of the corporate defendants are incorporated in New York State or has a principal place of business in New York. *See* 28 U.S.C. § 1332(c)(1). Here, the allegations in the complaint do not provide a basis for the Court to find complete

diversity of the parties. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record."); *ANHAM USA, Inc. v. Afghan Glob. Ins., Ltd.*, No. 23-cv-02763, 2024 WL 3362991, at *6 (S.D.N.Y. July 10, 2024) (explaining that it is "not sufficient that jurisdiction be inferred argumentatively"). Plaintiff, a citizen of New York, lists Apex's address as located within the State of Pennsylvania and IFCU's address as located within the State of New York—such allegations are insufficient to show the corporate entities' citizenship.[4] Compl. 2. With no well-pled basis for subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction. *See Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) (recognizing the district court's "discretionary authority" to exercise supplemental jurisdiction over state law claims and that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims"). Accordingly, the Court finds no independent basis to exercise jurisdiction over plaintiff's state law claims.

---

4 Appended to the complaint are certain filings in *Island Federal Credit Union v. The Mazzei Grp. LLC*, Index No. 151150/2025 (N.Y. Sup. Ct.), the state court foreclosure action commenced by IFCU in which plaintiff is a defendant. *See, e.g.*, Compl. 36–38 (Defs.' Motion to Dismiss); Compl. 43 (Affirmation of Service); Compl. 45 (Mem. of Law in Support of Defs.' Limited Appearance). The state court filings are thus heavily relied on by plaintiff in the instant action, and the Court will consider them here. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."). In the state court action, IFCU alleges that its principal place of business is in Suffolk County, New York. Verified Compl. ¶ 4, *Island Federal Credit Union v. The Mazzei Grp. LLC*, Index No. 151150/2025 (N.Y. Sup. Ct. Apr. 17, 2025). Based on this allegation, it suggests there may not be diversity jurisdiction here. If plaintiff amends the complaint in this action, plaintiff is directed to also allege IFCU's citizenship as well as citizenship of each party, so that the Court may determine if the exercise of diversity jurisdiction over plaintiff's state law claims is proper.

## CONCLUSION

For the foregoing reasons, plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants plaintiff leave to file an amended complaint within thirty (30) days. If plaintiff does not file an amended complaint within thirty (30) days, the case will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

*/s/Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 21, 2026
Brooklyn, New York